UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVE F. SMITH,

        Plaintiff,

   v.

FIDELITY NATIONAL TITLE
INSURANCE COMPANY, et al.,

        Defendants.

C14-173 TSZ

ORDER

THIS MATTER comes before the Court on a motion to dismiss brought by defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association ("U.S. Bank"), docket no. 9, which is joined by defendant Fidelity National Title Insurance Company ("Fidelity"), docket no. 13.  Having reviewed all papers filed in support of, and in opposition to, defendants' motion, the Court enters the following order.

**Background**

Plaintiff Dave F. Smith is a junior lien holder as to commercial real property located at 1344 17th Street SE, in Auburn, Washington.  Smith Decl. at ¶ 2 (docket no. 14-2); <u>see</u> Exs. 1-3 to Compl. (docket nos. 1-1, 1-2, & 1-3).  Defendant U.S. Bank, as trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through

ORDER - 1

1  Certificates, Series 2006-1, is the successor beneficiary of a senior deed of trust on the

2  same commercial property.  Exs. 1 & 2 to Request for Judical Notice (docket no. 10-1).

3  Fidelity is the successor trustee under the senior deed of trust.  <u>Id.</u> at Ex. 3.  Ocwen acts

4  as servicer for the senior lien holder.  <u>See</u> Compl. at ¶ 3.6 (docket no. 1-1).

5       On May 31, 2013, Fidelity sent to the grantors of the senior deed of trust a Notice

6  of Foreclosure and a Notice of Trustee's Sale.  <u>See</u> Ex. 1 to Boyd Decl. (docket no. 14-3);

7  Ex. 4 to Request for Judicial Notice (docket no. 10-1).  The Notice of Foreclosure

8  indicated that "[n]otice and other process may be served upon the trustee at:  Fidelity

9  National Title Insurance Company, c/o Chicago Title Ins. Attn: Trustee Services Dept,

10  701 Fifth Ave, Suite 2300, Seattle, WA 98104" and provided a local telephone number of

11  206-628-5666.  Ex. 1 to Boyd Decl. (docket no. 14-3 at 6).  On January 23, 2014, one of

12  plaintiff's attorney's employees called the local number and spoke with an underwriter at

13  Chicago Title, who stated that legal documents for Fidelity could be served at Chicago

14  Title's office, and such materials would be forwarded to Fidelity.  Boyd Decl. at ¶¶ 2-6.

15  For purposes of this litigation, however, Fidelity was served with the summons and

16  complaint via the Insurance Commissioner.[1]  <u>Id.</u> at ¶ 10 & Ex. 4.

17       Plaintiff initiated this action in King County Superior Court, alleging two claims,

18  one under Washington's Deed of Trust Act and the other under Washington's Consumer

19  Protection Act ("CPA").  <u>See</u> Compl. at § IV & V (docket no. 1-1).  The case was

20  ---

21  [1] Under Washington law, "[e]ach authorized foreign or alien insurer must appoint the commissioner as its attorney to receive service of, and upon whom must be served, all legal process issued against it in this state upon causes of action arising within this state. . . . Service of legal process against the insurer can be
22  had only by service upon the commissioner, except actions upon contractor bonds . . . ."  RCW 48.05.200.

23

ORDER - 2

removed on the basis of diversity jurisdiction.  Notice of Removal at ¶ 3 (docket no. 1).  In this litigation, plaintiff essentially seeks to permanently enjoin defendants from non-judicially foreclosing on the senior deed of trust.  <u>See</u> Compl. at ¶ 8.3 (docket no. 1-1 at 11).  Defendants now move to dismiss plaintiff's claims.

**Discussion**

**A.      Conversion to Summary Judgment**

If, in deciding a motion brought under Rule 12(b)(6), the Court considers matters outside the pleadings,[2] the Court must treat the motion as one for summary judgment.  Fed. R. Civ. P. 12(d).  A party represented by counsel who submits matters outside the pleadings and invites consideration of them in connection with a Rule 12(b)(6) motion has the requisite notice that the Court might use them to decide the motion, requiring that it be transformed into a motion for summary judgment.  <u>See</u> <u>Grove v. Mead Sch. Dist. No. 354</u>, 753 F.2d 1528, 1533 (9th Cir. 1985).  Plaintiff having proffered, in opposition to defendants' Rule 12(b)(6) motion, his own declaration, as well as the declaration of his attorney's employee, the Court is satisfied that plaintiff is "fairly apprised," <u>id.</u> at 1532, the motion may be converted into one for summary judgment.  Summary judgment must be granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  When the record taken as a whole

---

[2] Defendants Ocwen's and U.S. Bank's request and supplemental request for judicial notice, docket nos. 10 and 16, of the documents attached thereto are GRANTED in part and DENIED in part.  The Court takes judicial notice of Exhibits 1-4 and 6, which are copies of materials recorded in the King County Recorder's Office, <u>see</u> Fed. R. Evid. 201 & 803(14), but declines to consider Exhibit 5, which contains the summons and complaint filed in a different case in King County Superior Court.

ORDER - 3

could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

B.      **Washington Address and Telephone Number**

Under Washington's Deed of Trust Act, a title insurance company authorized to insure title to real property under Washington law may act as trustee of a deed of trust. RCW 61.24.010(1)(b).  Prior to any notice of trustee's sale and continuing until the date of any such sale, the trustee must maintain a street address in Washington at which personal service of process may be effected, and the trustee must have a physical presence and telephone service at such address.  RCW 61.24.030(6).  The crux of both of plaintiff's claims in this case is that Fidelity failed to comply with RCW 61.24.030(6). The undisputed facts, however, indicate to the contrary.  Indeed, plaintiff's counsel's employee confirms that Fidelity's agent answered the number provided in the Notice of Foreclosure and was willing to accept service on behalf of Fidelity at the Washington address set forth in the same document.  Boyd Decl. at ¶¶ 2 & 6 (docket no. 14-3).[3]  The statute does not prohibit a trustee from designating an in-state agent to satisfy the physical presence requirement.  See RCW 61.24.030(6); see also Douglas v. ReconTrust Co., N.A., 2012 WL 5470360 at *5 (W.D. Wash. Nov. 9, 2012).  Plaintiff cites no authority to support a different interpretation of the statute.  The Court therefore HOLDS,

---

[3] In response to defendants' motion to dismiss, plaintiff argues that Fidelity did not maintain a physical presence and telephone number at the location of the registered agent (CT Corporation System) for Fidelity National Title Company of Washington, Inc. ("FNTCW").  Resp. at 7 (docket no. 14).  Fidelity and FNTCW, however, are not the same entity.  According to the Complaint, Fidelity is a foreign business, see Compl. at ¶ 1.2, whereas FNTCW is a Washington corporation, see Ex. 2 to Boyd Decl.

ORDER - 4

as a matter of law, that no violation of RCW 61.24.030(6) occurred, and defendants are entitled to summary judgment as to plaintiff's claims under the Deed of Trust Act and the CPA.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss, docket nos. 9 and 13, is treated as a motion for summary judgment, and the motion is GRANTED. Plaintiff's claims are DISMISSED with prejudice. The Clerk is DIRECTED to enter judgment accordingly, to send a copy of this Order and the Judgment to all counsel of record, and to close this case.

IT IS SO ORDERED.

Dated this 30th day of May, 2014.

Thomas S. Zilly
United States District Judge

ORDER - 5